UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL A. WILSON, Administrator :
of Ohio Operating Engineers :
Health and Welfare Plan, Ohio :
Operating Engineers Pension :
Fund, Ohio Operating Engineers :
Apprenticeship and Training Fund, and Ohio :
Operating Engineers Education :
and Safety Fund :
1180 Dublin Road : Civil Action No. 2:18-cv-1581
Columbus, Ohio  43212, :
: Judge
    and :
:
Trustees of the Ohio Operating :
Engineers Health and Welfare :
Plan, Ohio Operating Engineers :
Pension Fund, Ohio Operating :
Engineers Apprenticeship and Training Fund, :
and Ohio Operating Engineers :
Education and Safety Fund :
1180 Dublin Road :
Columbus, Ohio  43212, :
:
    Plaintiffs, :
:
        v. :
:
Devos Excavating, LLC :
12110 S. Dixie Highway :
La Salle, Michigan  48145
:
:
:
    Defendant. :

COMPLAINT

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is based upon 29 U.S.C. §§ 1132(a)(3) and 1145, as the action arises from Defendant's violation of and continued refusal to comply with the terms and provisions of collectively bargained agreements, trust agreements, and employee-benefit plans.  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and S.D. Ohio R. 2.1.

COUNT I

2.      The Trustees of the Ohio Operating Engineers Health and Welfare Plan (hereinafter referred to as the "Health and Welfare Trustees") are the duly appointed, qualified, and acting trustees of the trust established as part of the Ohio Operating Engineers Health and Welfare Plan by Agreement and Declaration of Trust dated March 11, 1960, as amended, (hereinafter referred to as "the Health and Welfare Trust") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce.  The Health and Welfare Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Health and Welfare Trust.  The Health and Welfare Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The plan is administered in Columbus, Ohio.

3.      The Trustees of the Ohio Operating Engineers Pension Fund (hereinafter referred to as the "Pension Trustees") are the duly appointed, qualified, and acting trustees of the trust established as a part of the Ohio Operating Engineers Pension Fund by Agreement and Declaration of Trust dated December 1, 1964, as amended, (hereinafter referred to as "the

Pension Trust") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce. The Pension Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Pension Trust. The Pension Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132. The plan is administered in Columbus, Ohio.

4. The Trustees of the Ohio Operating Engineers Apprenticeship and Training Fund (hereinafter referred to as the "Apprenticeship and Training Trustees ") are the duly appointed, qualified, and acting trustees of the trust established as a part of the Ohio Operating Engineers Apprenticeship and Training Fund by Agreement and Declaration of Trust dated October 20, 1965, as amended, (hereinafter referred to as "the Apprenticeship and Training Trust") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce. The Apprenticeship and Training Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Apprenticeship and Training Trust. The Apprenticeship and Training Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132. The plan is administered in Columbus, Ohio.

5. The Trustees of the Ohio Operating Engineers Education and Safety Fund (hereinafter referred to as the "Education and Safety Trustees") are the duly appointed, qualified

-3-

and acting trustees of the trust established as a part of the Ohio Operating Engineers Education and Safety Fund by Agreement and Declaration of Trust dated December 14, 1970, as amended, (hereinafter referred to as "the Education and Safety Trust") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce.  The Education and Safety Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Education and Safety Trust. The Education and Safety Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The plan is administered in Columbus, Ohio.

6.      The Health and Welfare Trustees, the Pension Trustees, the Apprenticeship and Training Trustees, and the Education and Safety Trustees have authorized Plaintiff Carol A. Wilson, Administrator of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship and Training Fund, and the Ohio Operating Engineers Education and Safety Fund to bring this claim and to seek the remedy prayed for on their behalf and on behalf of the participants and beneficiaries of the Trusts and employee benefit plan.

7.      Defendant Devos Excavating, LLC, is a Michigan limited liability company with its principal place of business in La Salle, Michigan.  At all relevant times, Defendant has been engaged in an industry affecting commerce, i.e., contracting work.

8.      Defendant is an "employer" as defined under 29 U.S.C. § 1002(5).

9.     Defendant is an "employer" engaged in commerce and in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1003.

10.     Defendant executed an Acceptance of Agreement, dated May 24, 2012, a Highway Heavy Construction Agreement, dated February 15, 2011, and a 2000 Hour Addendum Agreement dated February 15, 2011, by the terms of which Defendant also became a party to collectively bargained agreements, Trust Agreements and Declarations of Trust that established the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship Fund, and Education and Safety Fund (the "Trust Agreements") and became bound by the terms and conditions set forth therein. Copies of the signatory pages of the Agreements are attached and marked "Exhibit A" and incorporated herein.

11.     Pursuant to the above-mentioned agreements, Defendant is required to make, and the Health and Welfare Trustees, Pension Trustees, Apprenticeship and Training Trustees, and Education and Safety Trustees are entitled to receive, fringe-benefit contributions on behalf of each employee of Defendant who performs work within the trade jurisdiction of the Operating Engineers Union.

12.     Pursuant to the above-mentioned agreements, the Health and Welfare Trustees, Pension Trustees, Apprenticeship and Training Trustees, and Education and Safety Trustees have the right to audit the books and records of Defendant with respect to the hours worked by and wages paid to employees of Defendant who performed work covered by the agreements.  Defendant has refused, after demand by Plaintiffs, to permit Plaintiffs to perform an audit of the necessary books and records for the period June 1, 2013, through the present.

COUNT II

13.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 12 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's collectively bargained agreements, and the rules and regulations adopted by the Pension and Health and Welfare Trustees on May 26, 1989, by the Apprenticeship and Training Trustees on July 12, 1989, and by the Education and Safety Trustees on September 25, 1989, specifically provide that the Trustees shall be entitled to recover interest of 1.5 percent per month (18 percent per annum) times the unpaid balance of delinquent contributions, in addition to the unpaid contributions.  The assessment of this interest is further authorized by 29 U.S.C. § 1132(g)(2), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, interest on the unpaid contributions at the rate set by the plan.

14.     Pursuant to the Trust Agreements, collectively bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all four funds interest on the audit findings from the date revealed in the audit at the rate of 18 percent per annum.

COUNT III

15.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 14 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's collectively bargained agreements, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover liquidated damages at the rate of 18 percent of the unpaid contributions, in addition to the unpaid contributions.  The assessment of these liquidated

damages is further authorized by 29 U.S.C. § 1132(g)(2), which provides that in any action brought by the fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the court must award the plan, in addition to the unpaid contributions, an amount equal to the greater of interest on the unpaid contributions or liquidated damages in an amount specified in the employee benefit plan not in excess of 20 percent of the unpaid contributions.

16.     Pursuant to the Trust Agreements, collectively bargained agreements, rules and regulations adopted by the Trustees and federal law, Defendant owes the Trustees of all four funds the additional amount set forth in the immediately preceding paragraph.

COUNT IV

17.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's collectively bargained agreements, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover all costs of collection, including reasonable attorneys' fees, in addition to the delinquent contributions owed by Defendant. Further, 29 U.S.C. § 1132(g)(2) specifically provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, reasonable attorneys' fees and costs of the action.

18.     Pursuant to the Trust Agreements, collectively bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all four funds reasonable attorneys' fees as set by the Court, and court costs.

COUNT V

19.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 18 above as fully as if rewritten herein and further state that despite demands upon Defendant to perform its contractual obligations with respect to making contributions to Plaintiffs, Defendant has failed, neglected, omitted, and refused to make the contributions.  Further, Defendant continues to refuse to comply with the agreements by failing, neglecting, omitting, and refusing each month to properly report and make contributions for all employees covered by the agreements, thus creating additional delinquencies each month.

20.     Because of Defendant's continued refusal to comply with the terms, conditions, rules, and regulations established by the agreements, Plaintiffs have no adequate remedy at law, and unless the Defendant is enjoined from breaching and continuing to breach the terms of the agreements and mandatorily compelled to comply with the agreements, Plaintiffs will suffer irreparable harm.

WHEREFORE, Plaintiffs demand an order of this Court requiring that Defendant produce to Plaintiffs all the books and records which are necessary for determining the hours worked by, and wages paid to, Defendant's employees who performed work covered by the labor agreements during the period June 1, 2013, through the present.  Plaintiffs further pray for judgment against Defendant for all sums found to be due and owing as a result of the audit prayed for herein; plus interest in the amount of 18 percent per annum; an additional amount equal to the greater of interest on the unpaid contributions at the rate of 18 percent or liquidated damages not in excess of 20 percent of the unpaid contributions; any and all costs of collection, including reasonable attorneys' fees and court costs herein; and such other and further relief to which they may be entitled; and

WHEREFORE, Plaintiffs herein further demand a preliminary injunction enjoining Defendant from violating the terms of the Acceptance of Agreement, the Highway Heavy Construction Agreement, the 2000 Hour Addendum Agreement, the collectively bargained agreements, the Trust Agreements, and regulations and from disposing of any assets, pending hearing of this cause; and

WHEREFORE, Plaintiffs herein further demand a permanent injunction enjoining Defendant from violating the terms of the Acceptance of Agreement, the Highway Heavy Construction Agreement, the 2000 Hour Addendum Agreement, the collectively bargained agreements, the Trust Agreements, and regulations and from disposing of any assets until the terms of the agreements and regulations are complied with and that this Court retain jurisdiction of this cause pending compliance with its orders.

Respectfully submitted,

/s/Daniel J. Clark_____
Daniel J. Clark, Trial Attorney
Ohio Supreme Court No. 0075125
Andrew T. Jordan, Of Counsel
Ohio Supreme Court No. 0096399
VORYS, SATER, SEYMOUR AND PEASE
52 East Gay Street
Post Office Box 1008
Columbus, Ohio  43216-1008
(614) 464-6436

Attorneys for Plaintiffs,
Carol A. Wilson, et al.

-9-

31733392